## Commonwealth *v.* Foch Cereal Co. (and Ætna Casualty & Surety Co., Appellant).

374

Argued December 4, 1930. Before Frazer, C. J., Walling, Simpson, Kephart, Sadler, Schaffer and Maxey, JJ.

*Thomas F. Mount,* with him *Joseph W. Henderson,* of *Rawle & Henderson,* for appellant.—The obligation of appellant under its bond was terminated by the expiration of the permit: U. S. v. Alexander, 110 U. S. 325.

The permit issued by the board of the Foch Cereal Co. on January 19, 1927, was not issued in accordance with the provisions of the act and was therefore void: Crawley v. Com., 123 Pa. 275; Com. v. Berdenella, 288 Pa. 510; Com. v. Exler, 243 Pa. 155.

There can be no question but that appellant is entitled to its day in court to present a defense: Com. v. Lightner, 31 Pa. 341.

*Wilhelm F. Knauer,* Special Deputy Attorney General, with him *William A. Schnader,* Attorney General, for appellee.—The bond was in full force and effect at the time of the violation.

The renewal of the permit was not contrary to the provisions of the Act of Assembly of February 19, 1926, P. L. 16.

The terms of the bond should be construed most strictly against the obligor and in favor of the obligee:

Brown v. Surety Co., 232 Pa. 337; Lightner v. Com., 31 Pa. 341.

The Act of Assembly of February 19, 1926, P. L. 16, is literally construed: Com. v. Berdenella, 288 Pa. 510; E. & S. Motor Transportation Co. v. Alcohol Permit Board, 295 Pa. 394.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1931:

Ætna Casualty & Surety Company, surety on a bond to the Commonwealth of Pennsylvania in the sum of $10,000, in which Foch Cereal Company is principal, presented its petition to the court below for a rule to show cause why judgment entered on the bond should not be opened and it permitted to make defense. An answer was filed by the Commonwealth and after hearing the court discharged the rule. The Surety Company appeals.

On November 26, 1926, the Foch Cereal Company applied to the Pennsylvania Alcohol Permit Board for a permit to engage in the manufacture and sale of cereal beverages under the terms of the Acts of March 27, 1923, P. L. 34, and February 19, 1926, P. L. 16. With the application it submitted the bond here in question, which is dated September 16, 1926.

The condition of the bond provided that the principal should observe the laws relating to the manufacture, sale, etc., of intoxicating liquors and the provisions of the permit issued to it. It is admitted that the condition of the bond was broken during the year 1927, but there was no violation thereof in 1926.

The permit was granted to the Cereal Company on December 17, 1926. On January 10, 1927, it applied for a renewal of the permit and the renewal was granted by the board on January 19, 1927. No new bond was filed and the renewal permit was issued without notice to or knowledge of the surety. March 6, 1928, judgment was entered on the bond because of the condition broken. The question to be determined is whether the bond was

in effect during the year 1927 and covered violations of the law by the principal during that year or whether it expired at the end of the year 1926.

The material part of the Act of 1926 (section 14), relating to the issuing of a permit, is as follows: "All permits *shall expire at the close of the calendar year,* but new permits for the succeeding year shall be issued upon written application therefor, duly verified by affidavit, stating that the facts in the original petition are unchanged, and upon the payment of the fees as hereinafter provided, without the filing of further statements, or the furnishing of any further information, unless specifically requested by the board...... Applications for renewals must be made not less than thirty (30) nor more than sixty (60) days before the first of January of the ensuing year. All applications for renewal received otherwise shall be treated as original applications."

From this it will be seen that as all permits expire at the close of the calendar year that issued to the Cereal Company on December 17, 1926, so expired. It made no application for renewal of the permit within the time fixed by the act, indeed it could not have done so, as the prescribed period had run. The permit issued to it on January 19, 1927, was a new one, an original, because the act so says, "All applications for renewals received otherwise shall be treated as original applications."

It is the contention of appellant that its bond covered only the permit which was good until the expiration of the calendar year 1926 and that it does not cover the one issued in 1927. The position of the Commonwealth and of the court below is that certain language of the bond extends its liability over into the year 1927. The words relied upon are: "[the obligors] agree that this bond shall be and become effective as of and from the date upon which any permit to the said principal is granted by the said board pursuant to the application

submitted herewith, and shall thereafter continue in full force, virtue and effect without limit in time and until the said bond is duly cancelled by a regulation or order of the said board." It is argued that the bond covers the time during which *any* permit issued by the board is operative and continues in full force, without limit in time, until it is cancelled by the board. We think this contention too generally interprets the language. It is not the period of *any* permit granted by the board that is covered but that of "any permit......granted by the said board, *pursuant to the application submitted herewith.*" The "without limit in time" provision can be well said to mean that the bond shall remain in force indefinitely so that it could be proceeded upon at any time for a violation which should occur during the time in which the permit in connection with which it was given remained in force. Other features of the bond lend color to the conclusion that it related only to the first permit to be issued. It contains no language specifically covering renewals of the permit. It recites the desire of the obligors to enable the principal by filing the bond to make application for a permit "and to support by this bond any permit issued to such principal *pursuant to such application.*" In its condition it stipulates that the principal shall not violate any of the provisions "of said permit." Another matter making in favor of the construction of the obligation which we think the proper one is, that, on the form supplied by the Commonwealth for the renewal of the permit which was signed by the Cereal Company on January 10, 1927, there is a blank to be signed by the surety on the original application by which it accepts notice of the application for renewal. From this the conclusion arises that the Commonwealth itself did not consider the surety bound beyond the time covered by the original permit unless it was notified and assented to the renewal.

The bond related only to the permit which expired at the end of the year 1926 and therefore no breach of its condition in 1927 could render the surety liable.

The court below should have made the rule to show cause why the judgment should not be opened absolute. Its order discharging the rule is reversed and it is directed that the rule be made absolute.